UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL DUGAN, and similarly situated individuals**

    **Plaintiff,**

v.                                         Case No: 5:12-CV-233-Oc-UATC-PRL

**COACHS HALFTIME, INC., COACHS HALFTIME OF DUNNELLON, INC., TIJUANA WILLIES CAFE & CANTINA, INC. and CECIL C. EVERETT**

    **Defendants.**
_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Ex-Parte Communications. (Doc. 16). In its June 27, 2012 Order, the Court directed the corporate defendants, Coach's Halftime, Inc., Coach's Halftime of Dunnellon, Inc., and Tijuana Willis Café and Cantina, Inc. to retain counsel by July 13, 2012, and for such counsel to file a notice of appearance by July 27, 2012. (Doc. 13). The Court admonished Defendants to "make every effort to meet these deadlines as the Court will not grant further extensions absent extraordinary circumstances." In response, Defendant Cecil C. Everett filed correspondence directed to the Court with various attachments in which he explains why the corporate defendants have not retained counsel and discusses the facts of the case. (Doc. 15).

Mr. Everett's filing (Doc. 15) is due to be **STRICKEN** because it is an improper *ex parte* communication with the Court. It also fails to comply with Rule 5 and Rule 7 of the Federal Rules of Civil Procedure. Pursuant to Rule 5(b)(1), Fed.R.Civ.P., when a party

is represented by an attorney, service must be made on the attorney unless the court orders service on the party.  Here, the filing was not served on Plaintiff's counsel.  In addition, the letter does not constitute an authorized pleading (e.g., complaint, answer to a complaint, answer to a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint or reply to an answer), nor is it a motion because it does not seek any relief from the Court.  Rule 7, Fed.R.Civ.P.

Moreover, Mr. Everett, who is not a lawyer, has been cautioned that he cannot represent the corporate defendants.  (Docs. 10 & 13).  While the Court is sympathetic to the financial burdens faced by the corporate defendants, the failure to retain counsel will result in the entry of a default because the corporate defendants can only appear though counsel.  The Court will give the corporate defendants one more opportunity to retain counsel.  Accordingly, on or before **August 1, 2012**, Coach's Halftime, Inc., Coach's Halftime of Dunnellon, Inc., and Tijuana Willis Café and Cantina, Inc. shall retain counsel and such counsel shall file a notice of appearance.  **Any further filings by Mr. Everett on behalf of the corporate defendants will be stricken.**

**DONE** and **ORDERED** in Ocala, Florida on July 20, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties